UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-32 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| EDWARD ROBINSON, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE**

This criminal case is before the Court on the issue of forfeiture following a trial in which a jury found Defendant guilty on one count of possessing a firearm despite having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possessing ammunition having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Pursuant to Fed. R. Crim. P. 32.2(b)(1), "[a]s soon as practical after a verdict or finding of guilty. . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." In doing so, where "the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id*. In making this determination, the court may consider "evidence already in the record . . . and on any additional evidence or

information submitted by the parties and accepted by the court as relevant and reliable."

In this case, the superseding indictment sets forth an allegation of forfeiture listing a number of firearms, including:

    (a)   a Glock Model 23 .40 caliber pistol, Serial No. HWZ519;

    (b)   a H&R Model 929, .22LR caliber revolver, Serial No. AU068949;

    (c)   a Cobra Industries, Model CLB38, .38 caliber derringer pistol, Serial No. CT030008;

    (d)   a FEG, Model SA85M, 7.62 caliber semiautomatic rifle, Serial No. SM17911;

    (e)   a Maverick (Mossberg), Model 88, 12 gauge pump action shotgun, Serial No. MV38172H;

    (f)   a Coast to Coast, Model master Mag 12 gauge pump action shotgun, Serial No. J094574; and

    (g)   a Calico, Model M950, 9mm pistol, Serial No. I001278.

(Doc. 29, PAGEID 101-102). Defendant has an interest in the foregoing firearms.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any person convicted of violating 18 U.S.C. §922(g)(1) shall forfeit to the United States any firearm or ammunition involved in or used in that violation. Based upon a preponderance of the evidence presented at trial, the Court concludes that the requisite nexus exists between the aforementioned firearms and Count One of the superseding indictment for which Defendant has been adjudged guilty by a jury. Accordingly, the aforementioned firearms are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Defendant shall forfeit, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the following firearms:

    (a) a Glock Model 23 .40 caliber pistol, Serial No. HWZ519;

    (b) a H&R Model 929, .22LR caliber revolver, Serial No. AU068949;

    (c) a Cobra Industries, Model CLB38, .38 caliber derringer pistol, Serial No. CT030008;

    (d) a FEG, Model SA85M, 7.62 caliber semiautomatic rifle, Serial No. SM17911;

    (e) a Maverick (Mossberg), Model 88, 12 gauge pump action shotgun, Serial No. MV38172H;

    (f) a Coast to Coast, Model master Mag 12 gauge pump action shotgun, Serial No. J094574; and

    (g) a Calico, Model M950, 9mm pistol, Serial No. I001278.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States is authorized "to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights."

3. Pursuant to Fed. R. Crim. P. 32.2(b)(6)(A), "the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Pursuant to Fed. R. Crim. P. 32.2(b)(6)(B), this "notice must describe the forfeited property, state the

times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition." As set forth in Fed. R. Crim. P. 32.2(b)(6)(D), "[t]he notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure."

4. Further, pursuant to Fed. R. Crim. P. 32.2(b)(6)(C), the required "[p]ublication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv)." In addition, "[p]ublication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies." *Id*.

5. Any person, other than Defendant, filing a petition to contest the forfeiture of the aforementioned property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to Fed. R. Crim. P. 32.2(c)(1), "[i]f, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding[.]" At the conclusion of any such ancillary proceeding, the court will "enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, the

preliminary order becomes the final order of forfeiture[.]" Fed. R. Crim. P. 32.2(c)(2).

7. The United States shall have clear title to the forfeited property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. Finally, the Court retains jurisdiction to enforce this order and to amend it as necessary. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), the parties may request revisions or modifications to this preliminary order before it becomes final as to Defendant.

**IT IS SO ORDERED.**


Date: November 1, 2012							*s/ Timothy S. Black*
									Timothy S. Black
									United States District Judge