UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-32 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| EDWARD ROBINSON, | : | |
| Defendant. | : | |

**ORDER AND ENTRY DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION FOR ACQUITTAL (DOCS. 54, 55)**

This criminal case is before the Court on Defendant Edward Robinson's Motion for a New Trial and Motion for Acquittal. (Docs. 54, 55). The Government filed a memorandum in opposition. (Doc. 72).[1] Defendant did not file a reply memorandum and the time for doing so has expired. Defendant's Motions are now ripe for decision.

**I. BACKGROUND**

The Government indicted Defendant Edward Robinson on two counts: (1) a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for knowingly possessing, in and affecting commerce, a firearm despite having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year; and (2) a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for knowingly possessing, in and affecting commerce, ammunition despite having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year. (Doc. 29). On October 1, 2012, a jury found Robinson guilty of both counts following trial. (Doc. 52).

---

[1] The memorandum is the best legal work this judge has encountered in a criminal case.

The charges arise from a search of a residence located at 3921 Little York Road in Dayton, Ohio on October 2, 2009. During the search, officers found numerous firearms, as well as ammunition (and marijuana), in the residence. The gist of the Government's evidence presented at trial showed that Robinson and his girlfriend leased and resided at the residence at the time of the search, that Robinson brought and placed the firearms and ammunition into the residence, and, therefore, constructively possessed the firearms and ammunition. Robinson stipulated to the fact of his prior felony convictions and the fact that the firearms and ammunition traveled in and affected commerce.

On October 15, 2012, Robinson filed a Motion for New Trial and a Motion for Acquittal. Robinson argues that the Court committed prejudicial error by allowing evidence that officers found marijuana in the residence during the search. Robinson also argues that insufficient evidence supports the jury's conclusion that Robinson possessed the firearms or the ammunition found at the residence on October 2, 2009. Robinson's arguments with regard to the sufficiency of the evidence generally assert that the Government's evidence was not credible and that Robinson rationally explained that he was out of town at the time of the search, was rarely at the residence, and that others brought the firearms to the residence.

## II. STANDARD OF REVIEW

With regard to Robinson's Motion for Acquittal, pursuant to Fed. R. Crim. P. 29(a) and (c), the Court must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The Court must determine whether, after reviewing

the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001).[2]

In deciding a Rule 29 motion, the Court draws all inferences from the evidence in favor of the prosecution. *United States v. Sherlin*, 67 F.3d 1208, 1214 (6th Cir. 1995). Unlike a motion for new trial under Rule 29, the Court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002).[3] The question for the Court is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989).

With regard to Robinson's Motion for a New Trial, where the motion is "based on insufficiency of the evidence[,]" the court must view the evidence "'in the light most favorable to the government[.]" *United States v. Freshour*, 64 F.3d 664, 1995 WL 496662, *3 (6th Cir. 1995) (citing *United States v. White*, 985 F.2d 271, 274 (6th Cir. 1993)). A "conviction is to be affirmed if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

---

[2] "When reviewing for the sufficiency of evidence in support of a jury verdict, this Court views the evidence in the light most favorable to the prosecution and gives the prosecution the benefit of all reasonable inferences from the testimony." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir.2006).

[3] "The Supreme Court has observed that the granting of a motion for aquittal . . . will be confined to cases where the prosecutor's failure is clear." *United States v. Overmyer*, 867 F.2d 937, 938 (6th Cir.1989). To survive a Rule 29 motion, the government need not exclude every hypothesis except that of guilt. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir.1984). The Sixth Circuit has noted that even "the uncorroborated testimony of a single accomplice may support a conviction under federal law." *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir.1985).

# III. ANALYSIS

Initially, Robinson argues that the Court prejudicially erred by allowing the Government to introduce evidence of drugs found at the residence during the search. It is unclear whether Robinson argues that the evidence of drugs found in the residence is irrelevant, or whether, even if relevant, the unfair prejudice arising from introduction of such evidence outweighed the probative value.

The Court notes that the first mention of drugs during trial was in a question asked by defense counsel while cross-examining the first Government witness, Shayna Kolodesh. (Doc. 66, PAGEID 374). Defense counsel, while eliciting testimony regarding Ms. Kolodesh's observations while visiting Robinson's girlfriend inside the residence, asked whether, during any of those visits, Ms. Kolodesh ever saw "[a]ny drugs" lying around the residence. (*Id*.) The Court concludes that evidence of drugs found during the search is relevant, as probative of motive and as background evidence. In addition, the probative value of such evidence outweighs any prejudice.

The Sixth Circuit concludes that "guns (and naturally, ammunition) are 'tools of the trade' used to protect drugs and drug money." *United States v. Rhodes*, 314 Fed. Appx. 790, 793 (6th Cir. 2008) (citing *United States v. Hardin*, 248 F.3d 489, 499 (6th Cir.2001); *see also U.S. v. Till*, 434 F.3d 880, 883 (6th Cir. 2006) (stating that "[t]here is strong authority for the proposition that evidence of drug possession can and perhaps ought to be admitted in cases of alleged firearm possession, partly to show motive for such possession"). In addition, the Sixth Circuit concludes that such evidence is proper

background evidence when it "has a causal, temporal or spatial connection with the charged offense," including evidence that "is 'a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.'" *Id*. (citing *United States v. Martinez*, 430 F.3d 317 (6th Cir. 2005); *United States v. Hardy*, 228 F.3d 745 (6th Cir. 2000)).

Here, officers found drugs along with, next to, and among the firearms, ammunition and personal belongings of Robinson. The presence of drugs along with, next to, and among the firearms found during the search is probative of a motive for possessing the firearms, is temporally and spatially connected with the charged offenses, is probative of the charged offenses, arises from the same events as the offenses charged, was integral to testimony of witnesses, including those detailing the search, and completed the story of the offenses charged. Accordingly, Robinson's Motion in this regard is **DENIED**.

With regard to Robinson's sufficiency of the evidence arguments, "[t]he offense of being a felon in possession of a firearm under 18 U.S.C. § 922(g) consists of three elements: '(1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed the firearm specified in the indictment; and (3) the firearm traveled in or affected interstate commerce.'" *United States. v. Lawhorn*, 467 Fed.Appx. 493, 497 (6th Cir. 2012) (citing *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008)). Here, Defendant stipulated to the first and third elements, and therefore, the only element at issue at trial was whether Defendant knowingly possessed a firearm and ammunition.

"It is well established that proof of either actual or constructive possession is sufficient under both statutes." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). "[A]ctual and constructive possession may be proved by circumstantial evidence." *Id*. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States. v. Kincaide,* 145 F.3d 771, 782 (6th Cir. 1998) (quoting *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973)). Proof that "the person has dominion over the premises where the firearm is located" is sufficient to establish constructive possession. *Kincaide,* 145 F.3d at 782 (citing *United States v. Clemis*, 11 F.3d 597, 601 (6th Cir. 1993) (per curiam); *United States v. Snyder*, 913 F.2d 300, 304 (6th Cir. 1990)).

At trial, the Government presented evidence to support the theory that Defendant constructively possessed the firearms and ammunition found at the residence during the search. Initially, there is no dispute that officers found an arsenal of firearms throughout the residence. Robinson's arguments center around his purported absence from the residence, *i.e.*, that he was rarely there, and that he and his former girlfriend, who testified that she lived with Robinson at the residence at the time the search warrant was executed, were temporarily in North Carolina at the time the search.

However, the Government presented sufficient evidence at trial upon which a reasonable jury could conclude that Robinson lived at the residence and exercised control over the firearms and ammunition found therein. Specifically, the Government presented

evidence corroborating Williams's testimony that Robinson lived at the residence, namely, that Robinson negotiated, signed and executed a six month lease for the residence, had a key to the residence, paid the rent, kept personal belongings there (including a coat with ammunition found in the pocket), and maintained utility service at the residence in his name. Further, during the search, officers found two vehicle titles in Robinson's name, a name badge with Robinson's name found in the pocket of a mens coat on the floor of the master bedroom,[4] a Dayton Power and Light ("DP&L") bill addressed to Robinson for service at the residence, and a letter addressed to Robinson from a beauty college.

Finally, the Government presented evidence supporting a nexus between the firearms found in the residence and Robinson. Williams testified that Robinson was the person who kept ammunition and a number of firearms in the residence, including firearms near the bed in the master bedroom where Robinson and Williams slept. Williams also testified that one gun found during the search was a firearm Robinson specifically kept under his pillow as he slept. Williams also identified other firearms found in the residence during the search as firearms specifically belonging to Robinson. Williams' father, Terry Lanier, testified that he saw ammunition in the residence and was with Robinson when Robinson purchased firearms at a garage sale after Robinson moved to the residence, including a specific firearm found during the search.

---

[4] The Government introduced evidence at trial that the coat found on the floor was, in fact, Robinson's coat.

Thus, there is sufficient evidence upon which the jury could conclude that Robinson constructively possessed firearms and ammunition. Such evidence includes, but is not limited to, evidence that Robinson resided in the residence, slept and kept his personal effects throughout the home, including in the master bedroom where firearms and ammunition were found, that the firearms and ammunition were knowingly brought into the home specifically by Robinson, and that Robinson placed the firearms in locations where he could easily gain access to them throughout the residence.

As noted by Robinson, he did present evidence explaining how some of the firearms found in the residence were brought there by family members. However, the jury was free to reject any and all of this testimony, and, instead, credit the testimony presented by the Government. Thus, Robinson's Motions, as they relate to the sufficiency of the evidence, are **DENIED**.

## IV. CONCLUSION

Accordingly, based on all of the foregoing, Robinson's Motion for Acquittal and his Motion for New Trial (Docs. 54, 55) are both **DENIED.**

**IT IS SO ORDERED.**

Date: 12/31/12                           *s/ Timothy S. Black*
                                                                       Timothy S. Black
                                                                       United States District Judge