UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-32 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| EDWARD ROBINSON, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTIONS
## FOR THE RETURN OF PROPERTY (DOCS. 58, 59, 60)

This case is before the Court on three Motions to Return Property (Docs. 58, 59, 60) filed by Defendant Edward Robinson, pro se. The Government filed a single collective response to Defendant's pro se Motions. Defendant did not file a reply and the time for doing so has expired. Accordingly, Defendant's Motions are ripe for decision.

The Government indicted Robinson on a count of being a felon in possession of a firearm, a count of being a felon in possession of ammunition and a count of possessing marijuana with the intent to distribute. The felon in possession charges arose from a search of a residence located on Little York Road in Dayton, Ohio on October 2, 2009. During the search on October 2, 2009, officers found numerous firearms, ammunition and marijuana in the residence. The marijuana charge, as indicted, arose from occurrences on or about March 2, 2011. On that date, law enforcement, pursuant to separate search warrants, found marijuana in a mail package and, subsequently,

uncovered, among other things, four firearms[1] and marijuana in the Miamisburg, Ohio residence to which the mail package was addressed. The Court subsequently granted the Government's motion to dismiss the marijuana charge without prejudice.

Defendant now seeks the return of number articles of personal property purportedly seized by law enforcement during the aforementioned searches. The property sought by Defendant includes cell phones, video recorders, laptop computers, a television, a global positioning system ("GPS") device, paperwork, photographs and firearms. The Government argues that Defendant's Motions should be denied for two reasons: (1) because Defendant filed the Motions pro se despite the fact that he is represented by counsel; and (2) because the property remains evidence in a pending criminal action and possible future criminal action.

Pursuant to Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Advisory Committee Notes to Criminal Rule 41 advise that:

> No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches, *United States v. Place*, 462 U.S. 696, 701 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property.

Fed. R. Crim. P. 41(a) (Advisory Committee Notes to 1989 Amendments).

---

[1] The firearms are identified as: (1) a Smith & Wesson, Model 14-3, .38 caliber revolver, Serial No. 6K90382; (2) a Taurus, Model PT 945, .45 caliber pistol, Serial No. NVD74803; (3) a H&R, Model R73, .32 caliber revolver, Serial No. NG023921; and (4) a Glock, model 22, .40 caliber pistol, serial number NPY517.

Here, the Court initially points out that the four firearms included in Defendant's Motion are subject to a civil forfeiture action. *See United States v. United States of America v. Miscellaneous 4 Firearms Seized from Orchard Run Rd.*, So. Dist. Ohio No. 3:12-cr-391. With regard to the property at issue in that civil forfeiture proceeding, Defendant's proper avenue of relief is to seek return of the property in that civil forfeiture case, not pursuant to the Rules of Criminal Procedure in this case. *See United States v. Fofo*, 109 Fed. Appx. 775 (6th Cir. 2004). Accordingly, Defendant's Motion, insofar as it concerns a return of the firearms, must be denied.

Further, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." Fed. R. Crim. P. 41(a) (Advisory Committee Notes to 1989 Amendments). Thus, "[a] defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *United States v. Bolze*, No. 3:09-cr-93, 2011 WL 7052800, *2 (E.D. Tenn 2011) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)).

Here, the Government presents a lengthy and detailed affidavit from David McMullen, a Special Agent with the Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF"). Agent McMullen testifies that the seized property remains evidence relevant to the currently uncharged marijuana count previously dismissed by this Court without prejudice. In addition, Agent McMullen testifies that Defendant is currently facing charges in Ohio state court arising from video evidence allegedly discovered on the video camera included in Defendant's Motion. Because the Government has

3

demonstrated, without reply by Defendant, the continuing evidentiary value in criminal prosecutions and investigations not yet concluded, Defendants' Motion is **DENIED**.

Finally, Defendant notified the Court at the time of sentencing that he wishes to appeal his convictions and sentence in this case. "Accordingly, the Government has a continuing interest in the property while there remains the chance that the case could be remanded." *Bolze*, 2011 WL 7052800 at *2 (citing *United States v. Nelson*, 190 Fed. Appx. 712, 715 (10th Cir. 2006)).

For the foregoing reasons, Defendant's Motions for the Return of Property (Docs. 58, 59, 60) are **DENIED**.

**IT IS SO ORDERED.**

Date: 1/17/13

Timothy S. Black
United States District Judge