UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-32 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| EDWARD ROBINSON, | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING THE UNITED STATES' MOTION TO STAY ANCILLARY PROCEEDINGS (Doc. 92) AND STAYING THE ANCILLARY PROCEEDINGS IN THIS CASE UNTIL THE CRIMINAL PROCEEDINGS AGAINST DEFENDANT ARE FINAL**

This case is before the Court on the Motion of the Government requesting a stay of ancillary forfeiture proceedings. (Doc. 92). The Government requests that ancillary forfeiture proceedings concerning the forfeiture of firearms be stayed until the completion of Defendant's criminal appeal because discovery is required in the ancillary proceeding, which could impact Defendant's right against self-incrimination, and because staying the forfeiture proceedings will conserve judicial resources and further judicial economy. The pro se Claimants did not respond to the Government's Motion and the time for doing so has expired.

Pursuant to Fed. R. Crim. P. 32.2(c)(1), "[i]f . . . a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding[.]" In such a proceeding, "before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of

Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B). Pursuant to Fed. R. Crim. P. 32.2(d):

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Rule 32.2(d) does not specifically contemplate a stay of ancillary proceedings and only confirms the district court's continuing jurisdiction over the ancillary proceedings despite pendency of a criminal appeal. Even though the Court retains jurisdiction over the ancillary proceedings during pendency of an appeal, the Court cannot transfer property to any third-party until the appeal becomes final or Defendant consents. *Id*.

That is not to say, however, that ancillary proceedings cannot be stayed. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the Government argues that the interests of judicial economy are furthered by staying the ancillary proceedings pending a final conclusion of the criminal proceedings against Defendant because there is a chance the forfeiture order could be vacated on appeal, thus mooting any ancillary proceedings. In addition, the Government argues that the property could not be returned to the Claimants while the criminal proceedings remain active, even

2

assuming the Claimants prevail in the ancillary proceeding and Defendant consents to disposition of the property, because the Government retains an evidentiary interest in the property as long as the chance remains that the case could be remanded for further proceedings.

Certainly, in the context of the return of property seized by the Government, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." Fed. R. Crim. P. 41(a) (Advisory Committee Notes to 1989 Amendments). Thus, "[a] defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *United States v. Bolze*, No. 3:09-cr-93, 2011 WL 7052800, *2 (E.D. Tenn 2011) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). Accordingly, because Defendant has appealed his conviction and sentence in this case, "the Government has a continuing interest in the property while there remains the chance that the case could be remanded." *Id*. (citation omitted).

The Court agrees that staying these proceedings pursuant to the Court's inherent powers until the criminal proceedings are final furthers judicial economy. Because the Defendant's criminal proceedings remain pending on appeal, a chance remains that the forfeiture order could be vacated, thus mooting the ancillary proceedings. Further, in this case, Claimants are not prejudiced by a stay because the property at issue remains evidence of the underlying criminal charges and a return of the property to Claimants,

assuming they prevail in the ancillary proceeding, could not be ordered until the conclusion of the criminal proceedings against Defendant.

Accordingly, the Court **GRANTS** the Government's Motion to Stay Ancillary Proceedings (Doc. 92) until these criminal proceedings against Defendant are final.

**IT IS SO ORDERED.**

Date: 7/18/13

Timothy S. Black
United States District Judge